IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 19-cv-01439-SKC

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     8 PIECES OF ASSORTED JEWELRY;
2.     ASSORTED MARIJUANA GROW EQUIPMENT;
3.     $214,396.00 IN UNITED STATES CURRENCY;
4.     2017 CHEVROLET CORVETTE Z06, VIN: 1G1YU2D61H5601152; AND
5.     2018 YAMAHA XSR700 MOTORCYCLE, VIN: JYARM27E1JA001741;

       Defendants.

## ORDER TO STRIKE CLAIM OF JESSICA STRINGER FOR LACK OF STANDING

THIS MATTER comes before the Court on the United States' Motion to Strike Claim of Jessica Stringer for Lack of Standing [#14]. Claimant Jessica Stringer ("Stringer") did not file a response. No hearing is necessary. Having considered the Motion, the record, and applicable law, IT IS ORDERED that the United States' Motion is **GRANTED**.

### A. BACKGROUND

On May 21, 2019, the United States filed a Verified Complaint for Forfeiture In Rem, pursuant to 21 U.S.C. §§ 881(a)(2) and (6), and 19 U.S.C. § 981(a)(1)(A), seeking forfeiture of the above-captioned defendant properties based on allegations that they are proceeds traceable to, and equipment used in, illegal narcotics trafficking in violation of 21 U.S.C. § 801 et seq., and property involved in a money laundering transaction in

violation of 18 U.S.C. §§ 1956 and 1957. [*See generally* #1.] On May 29, 2019, the United States file a Notice of Complaint for Forfeiture [#6] and served direct notice to all known interested parties pursuant to Rule G(4)(b) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules). Accordingly, interested third-parties had until July 3, 2019 to file a claim.

On July 2, 2019, Stringer, proceeding *pro se*, filed a claim as a beneficial owner to all of the above-captioned defendant properties. She asserts an interest based solely on "being adversely affected by the behavior of the prior owner and those with similar actions. [*See* #7.] Her claim does not identify the prior owner, her relationship to them, or any injury suffered. [*See generally id.*] The Verified Complaint does not identify Stringer as being in possession, on the title, or a secured lienholder for any of the defendant properties.On September 26, 2019, the United States served special interrogatories on Stringer pursuant to Supplemental Rule G(6)(a), requesting that she identify her relationship to defendant properties in this case or the defendants in the related criminal case. [#14 at p. 3.] Her deadline to respond was October 17, 2019. [*Id.*]

As of the date of the Motion, Stringer had not responded to the special interrogatories. Moreover, Stringer failed to meet the July 23, 2019, deadline to file her answer to the Verified Complaint, pursuant to Supplemental Rule G(5)(b).

The United States filed its Motion to Strike based on a lack of standing. [*See generally* #14.] It argues that Stringer lacks statutory and Article III standing to bring her claim. [*Id.*] Because the Court finds that Stringer lacks statutory standing, it does not address the question of Article III standing.

## B. DISCUSSION

Standing is a threshold issue in every civil forfeiture case. *United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 57 (1st Cir. 2013). A claimant bears the burden of meeting both statutory and Article III standing requirements to stand before a court and contest a forfeiture. *United States v. $487,825.00*, 484 F.3d 662, 664 (3d Cir 2007).

> The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution.

*United States v. 8 Gilcrease Lane*, 641 F. Supp.2d 1, 5–6 (D.D.C. 2009) (quoting Asset Forfeiture Law in the United States, § 9-4 at 326). Pursuant to Supplemental Rule G(8)(c), the Government may move to strike a claim for failing to comply with the procedural requirements of Supplemental Rules G(5) or (6), or because the claimant lacks standing. Supp. R. G(8)(c)(i)(A)–(B).

The Tenth Circuit has held that a claimant's failure to strictly comply with the procedural requirements of the Supplemental Rules means the claimant lacks statutory standing to contest the forfeiture, and their claim may be stricken pursuant to Rule G(8)(c). *United States v. $14,132.00 in U.S. Currency*, 2011 WL 3235720, *1 (D. Col. July 28, 2011) (granting Rule G(8)(c) motion to dismiss for lack of statutory standing where claimant filed claim but no answer); *United States v. $5,565.00 in U.S. Currency*, 2010 WL 4256211, *2 (D. Colo. Sept. 20, 2010) (granting motion to strike where claimant filed answer but no claim because the Supplement Rules "must be strictly enforced").

To establish statutory standing, a claimant must first file a verified claim and an answer. Supp. R. G(5)(a)–(b); *United States v. $20,000.00 in United States Currency*, 350 F. Supp. 3d 1148, 1155–56 (D.N.M. 2018). Supplemental Rule G(5)(b) requires that the answer be filed within 21 days after filing the claim. In this case, Stringer filed her *pro se* claim on July 2, 2019. [#7.] Thus, her answer was due on July 23, 2019. *See* Supp. R. G(5)(b). However, Stringer did not file a timely answer.

Although Stringer is proceeding *pro se*, the Court cannot liberally construe her claim as including an answer, because it fails to present any arguments contesting the forfeiture allegations set forth in the Verified Complaint. *See United States v. $9,020.00 in U.S. Currency*, 30 F. App'x 855, 857–58 (10th Cir. 2002) (the Court may construe a *pro se* forfeiture claim to be both claim and answer if the Court can reasonably read the claimant's pleadings to state a valid claim on which they can prevail and the pleadings present arguments contesting the forfeiture allegations). To the contrary, Stringer acknowledges "she feels that some or all the money and property seized by the United States has either been garnered by criminal activity and some maybe haven't." [#14-1 at ¶2.] Likewise, she does not make any assertions of how she would qualify as an "innocent owner" of such criminal offenses. Thus, because she has not filed a timely answer, Stringer lacks statutory standing.[1] *United States v. All Assets Held at Bank Julius Baer &*

---

[1] Additionally, the Court notes that Stringer lacks statutory standing for failing to respond to the United States' special interrogatories as required by Supplement Rule G(6). *See United States v. $29,410.00 in U.S. Currency*, 2014 WL 1276235, *3 (W.D. Okla. Mar. 27, 2014) (granting motion to strike for lack of standing where claimant failed to file an answer or respond to special interrogatories; "Statutory standing requires that a claimant strictly comply with the procedural requirements of the Supplemental Rules."), *aff'd*, 600 F. App'x. 621 (10th Cir. 2015); U*nited States v. $27,970.00 in U.S. Currency*, 2010 WL

*Co.*, 664 F. Supp. 2d 97, 101 (D.D.C. 2009) ("" Because the procedures prescribed by the Supplemental Rules play an important role in structuring forfeiture suits and ensuring that they proceed efficiently, a court is authorized to strike the claim and/or answer of any claimant who fails to follow the Rules' procedural dictates.")

\* \* \*

Therefore, in light of Stringer's failure to file an answer, her *pro se* claim does not comply with Supplemental Rule G(5). Thus, IT IS ORDERED that the Motion is Strike [#14] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall STRIKE Claimant Jessica Stringer's Claim [#7] for lack of statutory standing.

DATED: July 29, 2020

BY THE COURT:

_____
S. Kato Crews
U.S. Magistrate Judge

---

933762, at \*1 (S.D. Ga. Mar. 16, 2010) (striking the claim and answer of claimant for failing to respond to the government's special interrogatories within 21 days).